**Commonwealth v. Yasher**

*Annette Hutchison, assistant district attorney,* for the Commonwealth.
*Carmen F. Lamancusa,* for defendant.

CAIAZZA, *J.,* January 27, 1993—The defendant has presented to the court a motion in arrest of judgment and for a new trial. Because of the reasons which appear in this opinion, the court reverses its suppression order, vacates the verdict and grants the defendant's motion.

On October 26, 1991, the defendant was arrested and charged with one count of possession of a controlled substance (crack cocaine) in violation of section 780-113(a)(16) of the Controlled Substance, Drug, Device and Cosmetic Act, 35 Pa.C.S. §780-113(a)(16). Prior to trial, the defendant filed an omnibus pre-trial motion seeking to suppress the introduction of the crack cocaine into evidence which was found inside his vehicle at the time of the arrest. The defendant contended then, as now, that the police have not established the existence of probable cause to justify a warrantless arrest. He further contends that, since his arrest was illegal, any evidence discovered in a search incident to the arrest constitutes "fruit of the poisonous tree." The court denied the motion, and the case proceeded to trial. Following a waiver of a trial by jury, the court found the defendant guilty of the charged offense. Next, the defendant timely filed the motion in arrest of judgment and for a new trial which is now before the court for resolution.

The following facts were established by uncontradicted testimony at both the suppression hearing and the trial. During the evening hours of October 26, 1991, Sergeant Thomas E. Macri, chief of the narcotics unit for the New Castle Police Department, and Trooper William Chiappini of the Pennsylvania State Police were conducting an undercover surveillance of the area surrounding the Gables Bar in the west side of New Castle. The New Castle police had received numerous complaints concerning drug trafficking in that specific area. Sgt. Macri testified that at approximately 11 p.m. the defendant was observed driving a white Toyota pickup truck with a cap and U.S. Mail markings affixed to it into the parking lot adjacent to the Gables Bar. Sgt. Macri then observed Robert Payne, a known drug user and drug dealer, approach the driver's side of the defendant's vehicle. Following a short conversation, Payne turned and walked toward Nathaniel McKnight, another known drug dealer, who took a bottle

from his pocket and poured what appeared to be crack cocaine into his hand. Sgt. Macri testified that McKnight then transferred to Payne two pieces of the suspected crack cocaine. Payne returned to the defendant's vehicle and entered it on the passenger side. The vehicle's dome light was activated, and Sgt. Macri witnessed an exchange between Payne and the defendant; however, he could not identify exactly the objects of the transfer. Payne then exited the vehicle and the defendant drove away. Sgt. Macri then witnessed Payne handing money to McKnight.

Agent Christopher C. Parker, narcotics agent for the Pennsylvania Office of Attorney General and coordinator of the Lawrence County Drug Task Force, was cruising in an unmarked vehicle (referred to as the follow car). Sgt. Macri immediately radioed Agent Parker, providing him with the description of the defendant's vehicle. Agent Parker observed the defendant's truck and followed it to a traffic signal where the defendant was stopped. The defendant was commanded to exit the vehicle; he was then handcuffed and was read the *Miranda* warnings, *Miranda v. Arizona*, 384 U.S. 436 (1966). The defendant made no attempt to flee from the officers. Following the arrest, the defendant's vehicle was searched and two rocks of crack cocaine were found under a seat.

The issue before the court is whether probable cause existed to legally arrest the defendant without a warrant, thus permitting a legal search incident to that arrest. Applying the rationale of the Superior Court in *Commonwealth v. Frank*, 407 Pa. Super. 500, 595 A.2d 1258 (1991), a case also originating in the Lawrence County Court of Common Pleas, the officers in the case *sub judice* merely had reasonable suspicion to conduct a *Terry* stop. See *Terry v. Ohio*, 392 U.S. 1 (1968). The police did not have probable cause to arrest the defendant. Because the warrantless arrest was illegal, the evidence discovered in the search incident to the arrest is inadmissible, pursuant to the Fourth Amendment of the Constitution

of the United States and Commonwealth of Pennsylvania. (citations omitted) Therefore, the court vacates the judgment against the defendant.

In *Frank*, as in the case *sub judice*, the officers witnessed the defendant enter an area known for drug trafficking and then allowed a known drug dealer to enter his vehicle; the occupants then proceeded to make an exchange. In both instances, the officers did not see the exact items being transferred; however, it was reasonable for the officers to suspect that the transaction, in all likelihood, was drug related. At this point, the Superior Court found in *Frank* that "the officers had reasonable suspicion to stop appellant and investigate the incident further." *Commonwealth v. Frank*, 407 Pa. Super. at 507, 595 A.2d at 1262. The distinction between *Frank* and the case *sub judice* is that the defendant in *Frank* fled from the officers as the police attempted to stop his vehicle. Therefore, the court found that, because of the flight, the burden of reasonable suspicion rose to the level of probable cause, permitting a warrantless arrest and search incident to that arrest. *Id.*

Flight, in and of itself, cannot constitute probable cause to arrest. It is equally true, however, that flight, coupled with additional facts which point to a suspect's guilt may establish probable cause to arrest. Here, the officers observed a potential drug transaction and attempted to investigate further. However, in exacting the *Terry* stop, they were met with appellant's attempt to abscond. Such conduct was sufficient to find probable cause to arrest. *Id.* (citations omitted)

The Commonwealth argues that the Superior Court, in *Frank*, was reaffirming the test for probable cause as stated in *Commonwealth v. Chase*, 394 Pa. Super. 168, 474 A.2d 574 (1990), and did not create a flight requirement for testing probable cause. While this court agrees with the Commonwealth on both counts, the facts

in this case still do not allow the test for reasonable suspicion to rise to the level of probable cause. In *Chase,* an undercover police officer purchased narcotics directly from the defendant, while in *Frank* and the case *sub judice,* the officers did not see the exact items being exchanged.

An examination of the totality of the circumstances here does not reveal a factual scenario which provides the police with sufficient probable cause to effectuate a warrantless arrest. Parenthetically, because the arrest in the case *sub judice* clearly preceded the search, the court will not discuss the right of the police to conduct a warrantless search of a legitimately stopped automobile. See *Carroll v. United States,* 267 U.S. 132 (1925); see also *United States v. Ross,* 456 U.S. 798 (1982).

## ORDER OF COURT

Pursuant to the provisions of the appended memorandum opinion, the defendant's motion in arrest of judgment and for a new trial is granted. In that regard, the court reverses its suppression order dated July 17, 1992, and vacates the verdict dated September 25, 1992.